UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br><br>Jeremy Paul Kirby,<br>    Debtor. | Chapter 7<br>Bky. Case No. 22-41692 |

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY**

TO:    The debtor(s) and other entities specified in Local Rule 9013-3.

    1.    Movant Zakaria Mohamed moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at 2:30 p.m. on December 1, 2022, before the Honorable Michael E. Ridgway, Judge of Bankruptcy Court, Courtroom 7 West, Diana E. Murphy United States Courthouse, at 300 South Fourth Street, Minneapolis, Minnesota 55415.

    3.    Any response to this motion must be filed and served not later November 26, 2022, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

    4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on October 11, 2022. The case is now pending in this court.

    5.    This motion arises under 11 U.S.C. §362(d) and FRBP 4001. Movant requests that the order for relief from stay provided by Fed. R. Bankr. P. 4001(a)(3). This motion is filed under FRBP 9014 and Local Rules 9013-1 to 9013-3.

    6.    Movant requests relief with respect to relief with respect to an order granting him relief from the automatic stay to enforce its right of possession as to the property described below,

that such order not be subject to the stay provided by Fed. R. Bankr. P. 4001(a)(3) and makes the following representations in support of this request:

      a.      Debtor leased property owned by movant located at 2115 10th Avenue South, Minneapolis, Minnesota 55404. Debtor owes movant $7,420.00 under the lease as of the date of the filing of the bankruptcy petition commencing this case.

      b.      The lease and ledger are attached hereto was Exhibits A and B, respectively.

      c.      Debtor does not have any equity in the property, the property is not an asset of the Debtor's estate and is no benefit thereto.

      d.      Post-petition, the Debtor owes movant $1,600.00 for November, 2022 rent plus a $20.00 late fee.

      e.      Movant motions that the automatic stay be lifted to enable him to pursue an eviction action in Minnesota state court.

If testimony is necessary as to any facts relevant to this motion, Zakaria Mohamed, will testify on behalf of the movant.

WHEREFORE, the movant, moves the court for an order modifying the automatic stay of §362(a) as to permit the movant to enforce its right of possession by eviction action in Minnesota state court as to the property located at 2115 10th Avenue South, Minneapolis, Minnesota 55404, waiving Fed. R. Bankr. 4001 (a)(3) to make the order effective immediately and for such other relief as may be just and equitable.

**Landlord Resource Network, LLC**

Dated: 11/8/2022

*/s/ Bridget Brine*
Bridget Brine (Attorney No. 022778X)
225 S. 6th Street, Suite 3900
Minneapolis, MN 55402
Telephone: 612-314-3660
bridget@landlordresource.net
Attorney for Movant

## VERIFICATION

I, Zakaria Mohamed, the movant named in the foregoing notice of hearing and motion declare under perjury of penalty that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: __11/07/2022__             _____
                                        Zakaria Mohamed
                                        2626 Portland Avenue S
                                        Minneapolis, MN 55407

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Jeremy Paul Kirby,
    Debtor.

Chapter 7
Bky. Case No. 22-41692

### AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

I, Zakaria Mohamed, state the following:

1. I am the Movant and hereby make this affidavit in such capacity.
2. I own the property located at 2115 10th Avenue South, Minneapolis, Minnesota 55404 and I maintain books and records in the regular course of my business.
3. I make this Affidavit as part of a motion to lift the bankruptcy stay.
4. The Debtor has rented the property at 2115 10th Avenue South, Minneapolis, Minnesota 55404 since September 9, 2020. The Debtor has a written lease agreement to pay rent in the amount of $1,600.00 per month. The tenancy is currently month-to-month. A true and correct copy of the lease is attached as Exhibit A.
5. On the date of the bankruptcy petition, the Debtor owed me $7,420.00 in rent and late fees for the months of June, July, August, September and October, 2022.
6. The Debtor has not paid rent for November, 2022 in the amount of $1,600.00 plus $20.00 late fee.
7. A true and correct copy of the ledger is attached as Exhibit B.
8. Upon information and belief, the leased property constitutes Debtor's principal residence.
9. Debtor has not notified me of his intention to assume the Lease.
10. The current tax-assessed value of the property is $409,000 and I estimate the current market value of the property is $409,000
11. This affidavit is made for the purpose of establishing that Debtor is indebted to me in the amounts stated. Upon obtaining relief from the automatic stay of the bankruptcy court, I intend to pursue its legal remedies under Minnesota laws including commencing an eviction action.

Pursuant to 28 USC §1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 11/07, 2022.

By: _____
    Zakaria Mohamed

Subscribed and sworn before me
this 07 day of November, 2022.

_____
Notary Public

CARMEN DIAZ GARCIA
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2024

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In Re: | Chapter 7 |
|---|---|
| Jeremy Paul Kirby,<br>   Debtor. | Bky. Case No. 22-41692 |

## UNSWORN CERTIFICATE OF SERVICE

I, Kaitlyn Perlinger, an agent of Landlord Resource Network, LLC, with office address of 225 South 6th Street, Suite 3900, Minneapolis, MN 55402, declares that on the date set forth below, I served the annexed **Notice of Motion and Motion for Relief from Stay, Affidavit of Zakaria Mohamed, and [proposed] Order** upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with the first class mail postage prepaid and depositing same in the post office at Minneapolis, Minnesota, addressed to each of them as follows:

Jeremy Paul Kirby
2115 10th Ave S
Minneapolis, MN 55404


Executed on: 11/8/2022        */s/ Kaitlyn Perlinger*
                                                                 Kaitlyn Perlinger

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In Re: | Chapter 7 |
| --- | --- |
| Jeremy Paul Kirby,<br>    Debtor. | Bky. Case No. 22-41692 |

## ORDER TERMINATING AUTOMATIC STAY

This case is before the court on the motion of Zakaria Mohamed for relief from the automatic stay imposed by 11 U.S.C. § 362(a).

Based on the record, the court finds that grounds exist under 11 U.S.C. § 362(d) to warrant relief.

**IT IS ORDERED**:

1. The motion for relief from stay is granted as follows.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is terminated such that the movant may exercise its rights and remedies under applicable nonbankruptcy law with respect to the following leased property:

    2115 10th Ave S
    Minneapolis, MN 55404

3. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:

_____
Judge Michael E. Ridgway
United States Bankruptcy Judge

MINNESOTA STATE BAR ASSOCIATION
Real Property Form No. 41 (2000)
Minnesota Standard Residential Lease

LEASE / PAGE 1 OF 10

# MINNESOTA STANDARD RESIDENTIAL LEASE

© Copyright 1998, 1999, 2000 by Minnesota State Bar Association, Minneapolis, Minnesota. BEFORE YOU USE OR SIGN THIS LEASE, YOU SHOULD CONSULT WITH A LAWYER TO DETERMINE THAT THIS CONTRACT ADEQUATELY PROTECTS YOUR LEGAL RIGHTS. Minnesota State Bar Association disclaims any liability arising out of use of this form.

The Office of the Minnesota Attorney General certifies that this contract complies with the requirements of Minn. Stat. §325G.31 (1999). CERTIFICATION OF A CONTRACT BY THE MINNESOTA ATTORNEY GENERAL UNDER THE PLAIN LANGUAGE CONTRACT ACT IS NOT OTHERWISE AN APPROVAL OF THE CONTRACT'S LEGALITY OR LEGAL EFFECT.

1  Landlord and Tenant agree to the following terms.
2  **TENANTS.** (Each adult who signs this Lease is a "Tenant.") _Jeremy Paul Kirby_
3
4  **OTHER OCCUPANTS.** _____
5
6  **LANDLORD.** _____
7  The **Premises** ("Premises") includes dwelling unit number _____
8  at (street address) _2115 10TH Ave S_ (city) _Mpls_ MN (zip code) _55404_
9  and garage no. _____, storage unit no. _____, parking stall no. _____.
10 **Term of Lease.** (Write number of months or "month-to-month.") _12 Months_
11 **Starting Date of Possession** _9/7/20_ **Ending Date of Possession** (if known) _8/31/21_
12 **Monthly Rent** $ _1,600_ **Late Fee** $ _20_ **Security Deposit** $ _1,600_
13 **OTHER CHARGES** (specify) _Rent due by the 5th of the month_
14

| | RECEIPT. RECEIVED FROM TENANT BY LANDLORD AT THE SIGNING OF THIS LEASE: | AMOUNT |
|---|---|---|
| 17 | FIRST MONTH'S RENT PAID IN ADVANCE | |
| 18 | FIRST MONTH'S UTILITIES PAID IN ADVANCE (See Choices 3 and 4 below.) | |
| 19 | LAST MONTH'S RENT PAID IN ADVANCE | |
| 20 | SECURITY DEPOSIT PAID IN ADVANCE | |
| 21 | FIRST MONTH'S RENT FOR GARAGE PAID IN ADVANCE | |
| 22 | FIRST MONTH'S RENT FOR STORAGE UNIT PAID IN ADVANCE | |
| 23 | OTHER (Specify)_____, PAID IN ADVANCE | |
| 24 | TOTAL RECEIVED FROM TENANT: | |

26 **Notice.** Under Minnesota law, the landlord of a single-metered residential building is the bill payer responsible and shall be
27 the customer of record contracting with the utility for utility services. Utilities and Services will be paid as follows.

| UTILITIES: | Included in Rent | Not Included in Rent; Paid or Billed Separately | | |
|---|---|---|---|---|
| | Choice No. 1 | Choice No. 2 | Choice No. 3 | Choice No. 4 |
| UTILITY OR SERVICE | LANDLORD PAYS SERVICE PROVIDER (Utilities and services are included in rent.) | TENANT PAYS DIRECTLY TO SERVICE PROVIDER (Tenant's Premises has a separate meter and separate billing or account in Tenant's name.) | TENANT PAYS LANDLORD (Reimbursement for separately metered utility or for service for Tenant's Premises with separate billing or account in Landlord's name.) (ADDED TO RENT.) | TENANT PAYS LANDLORD FOR A PORTION OF UTILITIES OR SERVICES (Tenant's Premises does <u>not</u> have a separate meter.) (ADDED TO RENT.) |
| | >>>>>>> CHECK ONLY <u>ONE</u> COLUMN FOR EACH UTILITY OR SERVICE <<<<<<< | | | |
| Natural Gas | ✓ | | | |
| Water & Sewer | ✓ | | | |
| Electricity | ✓ | | | |
| Fuel Oil | | | | |
| Garbage Collection | ✓ | | | |
| Telephone | | | | |
| Cable Communication | | | | |
| Association Fees | | | | |
| Other Utility or Service (Specify) _Heat_ | ✓ | | | |

51 NOTE: If either Choice No. 3 or Choice No. 4 is checked for any utility
52 or service, **Landlord must complete Part 35 of this Lease before Tenant**        ➤ SEE NOTE IF CHOICE NO. 3 OR CHOICE
53 **signs.** Caution: Minneapolis and other cities might prohibit the                  NO. 4 IS CHECKED FOR ANY UTILITY OR
54 apportioning of utilities (Choice No. 4).                                            SERVICE.

CHECK APPLIANCES INCLUDED
- ✓ REFRIGERATOR
- ✓ KITCHEN STOVE
- ___ MICROWAVE
- ___ DISHWASHER
- ___ TRASH COMPACTER
- ✓ CLOTHES WASHER ⎤ Shared or
- ✓ CLOTHES DRYER  ⎦ common
- ___ WINDOW UNIT AIR CONDITIONER
- ___ GAS GRILL
- ___ OTHER

The person authorized to manage the Premises is
Name _Zak Mohamed_
Street Address, (not P.O. Box) _2626 Portland Ave S_
City, State, Zip code _MPS 55407_ Telephone _612-298-4247_
The Landlord or agent authorized to accept service of process and receive and give receipts for notices is
Name _____
Street Address, (not P.O. Box) _____
City, State, Zip code _____ Telephone _____
List any additional agreements here. Attach a copy of each additional agreement to each copy of the Lease.
_Same as above_

**TERMS OF THIS LEASE.**

**1. OCCUPANCY AND USE.** Only the Tenants and Occupants listed above may live in the Premises, except as allowed by law. The Premises, Utilities and Services shall be used only for common residential uses.

**2. RENT.** Tenant shall pay Rent in advance on or before the first day of every month. Tenant shall pay the Rent at _Mail or in person_ or other reasonable place requested by Landlord.

**3. LATE FEE AND RETURNED CHECK FEE.** If Landlord does not receive the rent by the fifth day of the month, Tenant must pay any late fee listed above as additional rent if requested in writing by Landlord. Tenant shall also pay $20.00 for each unpaid check returned by Tenant's bank. Rent is "paid" when Landlord receives it, not when mailed or sent by Tenant.

**4. SECURITY DEPOSIT.** Landlord may use the security deposit
   A. To cover Tenant's failure to pay rent or other money due Landlord.
   B. To return the Premises to its condition at the start of the tenancy except for ordinary wear and tear.

Within 21 days after the tenancy ends and Tenant gives Landlord a forwarding address, Landlord shall return the full security deposit with interest or send a letter explaining what was withheld and why.

**5. EACH TENANT RESPONSIBLE.** Each Tenant is responsible for all money due to Landlord under this Lease, not just a proportionate share.

**6. TENANT PAYS FOR DAMAGE.** Tenant shall pay for all loss, cost, or damage (including plumbing trouble) caused by the willful or irresponsible conduct of Tenant or by a person under Tenant's direction or control.

**7. LANDLORD'S NON-WAIVER.** Payments other than rent are due when Landlord demands them from Tenant. Landlord's failure or delay in demanding payments is not a waiver. Landlord may demand payments before or after Tenant vacates the Premises.

**8. ATTORNEY'S FEES.** The court may award reasonable attorney's fees and costs to the party who prevails in a lawsuit about the tenancy.

**9. PREMISES INSPECTION.** Landlord and Tenant inspected the Premises together and signed an inspection sheet before signing this Lease. A copy is attached. When the Lease ends, Landlord and Tenant shall inspect again and complete a second inspection sheet.

**10. LANDLORD'S PROMISES.**
   A. The Premises and all common areas are fit for the use intended by Landlord and Tenant.
   B. Landlord shall make necessary repairs. Landlord need not repair damage caused by the willful or irresponsible conduct of Tenant, Tenant's guests, or a person under Tenant's direction or control.
   C. Landlord shall keep the Premises up to code unless a violation of the codes has been caused by the willful or irresponsible conduct of Tenant, Tenant's guests, or a person under Tenant's direction or control.

**11. TENANT'S PROMISES.**
   A. Tenant shall not allow damage to the Premises.
   B. Tenant shall not allow waste of the Utilities or Services provided by Landlord.
   C. Tenant shall make no alterations or additions.
   D. Tenant shall remove no fixtures.
   E. Tenant shall not paint the Premises without Landlord's written consent.
   F. Tenant shall keep the Premises clean and tidy.

G. Tenant shall not unreasonably disturb the peace and quiet of others.
H. Tenant shall not interfere with the management of the property and shall not allow Tenant's guests to do so.
I. Tenant shall use the Premises only as a private residence.
J. Tenant shall not use the Premises in any way that is unlawful, illegal, or dangerous.
K. Tenant shall not use the Premises in any way that would cause a cancellation, restriction or increase in premium in Landlord's insurance.
L. Tenant shall not use or store in or near the Premises any inflammable or explosive substances in an unsafe manner.
M. Tenant shall notify Landlord in writing of any repairs to be made.
N. Tenant shall recycle or dispose of trash in the outside containers provided for those purposes.

12. **TENANT'S TELEPHONE.** Tenant shall give Landlord the Tenant's home phone number within 2 days after service is started or the phone number is changed.

13. **RESTRICTIONS.**
A. **WATERBEDS.** Tenant shall not have water beds or other water-filled furniture on the Premises.
B. **PETS.** Tenant shall not have animals or pets on the Premises without Landlord's prior written approval.
C. **LOCKS.** Tenant shall not add or change locks. At Tenant's request, Landlord will change the locks or have the lock cylinders re-keyed at Tenant's expense. If the locks do not meet current municipal codes or regulations, Landlord shall change the locks at Landlord's expense.
D. **VEHICLES.** Tenant shall have no motor home, camper, trailer, boat, recreational vehicle, unlicenced vehicle, inoperable vehicle, vehicle on blocks, or commercial truck on the Premises or on the common area or curtilage of the Premises, except in a garage. ["Curtilage" means the grounds surrounding the building in which the Premises is located.] A commercial truck is any truck in commercial service or larger than a pickup truck. Permitted vehicles shall be parked in designated areas only. Three days after giving notice to Tenant, Landlord may remove and store the offending vehicles. Tenant shall pay reasonable removal and storage expenses as additional Rent.

14. **LANDLORD'S RIGHT TO ENTER.** Landlord may enter the Premises for a reasonable business purpose. Landlord must first make a good faith effort to give Tenant reasonable notice of the intent to enter. Landlord may enter the Premises in an emergency. Landlord must disclose the date, time and purpose of the emergency entry in writing. The writing must be left in a conspicuous place in the Premises.

15. **DAMAGE OR INJURY TO TENANT OR TENANT'S PROPERTY.** Landlord is not responsible for any injury or damage that was not caused by a willful or negligent act or failure to act of Landlord. Tenant may obtain Renter's Insurance

16. **NOTICE OF DANGEROUS CONDITIONS.** Tenant shall promptly notify Landlord of any conditions that might cause damage to the Premises or waste Utilities or Services provided by Landlord. The notice may be oral or in writing.

17. **SUBLETTING.** Tenant shall not sublet part or all of the Premises without Landlord's written consent. Tenant shall not assign this Lease without Landlord's written consent. The consent shall not be unreasonably withheld or delayed.

18. **MOVING OUT OR HOLDING OVER.** Tenant must move out not later than 11:59 p.m. on the Ending Date. If Tenant occupies the Premises after the Ending Date with Landlord's permission and this Lease has not been renewed nor a new Lease made, this Lease becomes a month-to-month lease under its original terms.

19. **NOTICE IF LEASE BECOMES MONTH-TO-MONTH.** If this Lease is or becomes month-to-month, written notice is required by Landlord or Tenant to end the Lease. The notice must end the lease on the last day of a month and must be received before the first day of that month. For example, to end a month-to-month lease on April 30, the notice must be received on March 31 or earlier.

20. **VACATING.** When moving out, Tenant must:
A. Leave the Premises in the same condition as at the start of the Lease, except for ordinary wear and tear and fire or casualty loss.
B. Completely vacate the Premises, including storage units, garage and parking stalls.
C. Give Landlord a forwarding address.
D. Give Landlord all keys and personal property issued to Tenant for Tenant's use such as garage door openers, and tools. If Tenant does not return all keys within 24 hours of vacating, Landlord may change the locks and charge reasonable costs to Tenant.

21. **PREMISES DESTROYED, UNINHABITABLE OR UNFIT FOR OCCUPANCY.**
A. If the Premises is destroyed or becomes totally uninhabitable or completely unfit for occupancy through no fault or neglect of Tenant or a person under Tenant's direction or control, either Landlord or Tenant may end this Lease. To end the lease, Tenant or Landlord shall give prompt written notice to the other. Rent shall be prorated as of the date the Premises became unfit for occupancy.
B. If the Premises is destroyed or becomes totally uninhabitable or completely unfit for occupancy through the fault or neglect of Tenant or a person under Tenant's direction or control, Landlord may end this Lease. Landlord shall give prompt written notice to Tenant.

22. **BREACH OF LEASE [RE-ENTRY CLAUSE].** If Tenant materially breaches this lease, Landlord may do these things.
   A. Demand in writing that Tenant immediately give up possession of the Premises. If Tenant does not give up possession, Landlord may bring an eviction action (unlawful detainer action).
   B. Demand in writing that Tenant give up possession of the Premises to Landlord at a certain date in the future. If Tenant does not give up possession on that date, Landlord may bring an eviction action (unlawful detainer action). Landlord may accept rent for the period up to the date possession is to be transferred without giving up Landlord's right to evict.
   C. Bring an eviction action immediately (unlawful detainer action).

23. **DUTY TO PAY RENT AFTER EVICTION OR SURRENDER.** Rent is due under this Lease even if Tenant surrenders the Premises or is evicted by Landlord. Landlord shall make good faith efforts to mitigate damages.

24. **SUBORDINATION.** This lease is subordinate to any mortgage against the Premises. No new owner or lender shall disturb Tenant's occupancy, but shall have Landlord's remedies if Tenant defaults. Tenant shall sign documents reasonably requested by Landlord. Tenant appoints Landlord as attorney-in-fact to sign such documents for any mortgagee.

25. **EXERCISE OF RIGHTS AND REMEDIES.** Either party may use any or all of its legal rights and remedies. The use of one or more rights or remedies is not an election of remedies.

26. **SUBROGATION.** Tenant and Landlord give up all rights of subrogation against the other for loss or damage covered by insurance.

27. **TERMS.** Where appropriate, singular terms include the plural and plural terms include the singular.

28. **MISREPRESENTATIONS.** Any materially false statement made by either Landlord or Tenant to the other that induces the signing of this Lease is a breach of this Lease.

29. **ATTACHMENTS ARE PART OF LEASE. NO ORAL AGREEMENTS.** Attachments to this Lease, such as Landlord's building rules, if any, are a part of this Lease. No oral agreements have been made. This Lease with its attachments is the entire agreement between Landlord and Tenant.

30. **NOTICES.** A notice or demand mailed to or handed to any one of the Tenants named above is notice to all Tenants.

31. **NOTICE OF PROHIBITION AGAINST UNLAWFUL ACTIVITIES.**
   A. Landlord and Tenant shall not unlawfully allow controlled substances in the Premises or in the common area or curtilage of the Premises. The Premises will not be used by Tenant or persons under Tenant's control to manufacture, sell, give away, barter, deliver, exchange, distribute or possess with the intent to sell, give away, barter, deliver, exchange, or distribute a controlled substance in violation of any local, state or federal law.
   B. Landlord and Tenant shall not allow prostitution or prostitution-related activity as defined in MINN. STAT. §617.80, Subdivision 4, to occur on the Premises or in the common area and curtilage of the Premises.
   C. Landlord and Tenant shall not allow the unlawful use or possession of a firearm in violation of MINN. STAT. §609.66, Subdivision 1a, §609.67, or §624.713 on the property, its lands, or common area.

The following notice is required by MINN. STAT. §504B.305. A seizure under §609.5317, Subd. 1, for which there is not a defense under §609.5317, Subd. 3, constitutes unlawful detention by Tenant.

32. **LEAD PAINT WARNING AND DISCLOSURE. HOUSING BUILT PRIOR TO 1978.**

Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips and dust can pose health hazards if not managed properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, lessors must disclose the presence of known lead-based paint and/or lead-based paint hazards in the dwelling. Lessees must also receive a federally-approved pamphlet on lead poisoning prevention.

   A. **Hazards Disclosed.** Landlord knows of the following lead-based paint or lead-based paint hazards on the Premises (If none, state "none.") _None_

   B. **Reports Disclosed.** Landlord has provided Tenant with the following, which are all records and reports available to Landlord pertaining to lead-based paint or lead-based paint hazards on the Premises. (If no such records or reports are available to Landlord, state "none.") _None_

   C. **Tenant's Acknowledgment.** Tenant has received the records or reports noted in paragraph B., above and a copy of the pamphlet, *Protect Your Family from Lead in Your Home*, EPA publication EPA747-K-94-001.

   Tenants' initials _[initials]_ _____

   D. **Agent's Acknowledgment.** Agent has informed Landlord of Landlord's obligations under 42 U.S.C. 4852(d)

and is aware of agent's responsibility to ensure compliance.

Agent's initials _____  _____

By signing below, Landlord, Tenant and Agent certify the accuracy of the statements in the above paragraph.

_____ 9/2/20  _____ 9/2/2020  _____
Landlord         Date   Tenant            Date       Agent          Date

**33. CHANGES TO LEASE.** Landlord and Tenant may change the terms of this Lease in writing.

**34. SMOKING.** (check one)  ☐ Tenant may allow smoking on the Premises.
☒ Tenant shall not allow smoking on the Premises.

**35. UTILITIES SERVICE NOTICE.** If any of the utilities or services on Page 1 of this Lease is rebilled to Tenant (Choice No. 3) or apportioned by Landlord and billed to Tenant (Choice No. 4), then this Part 35 becomes part of the Lease and must be completed by Landlord.

**A. REBILLED UTILITIES (Under Choice No. 3).** For each utility or service rebilled to Tenant under a meter or account that provides service exclusively to Tenant's Premises, Landlord shall provide a copy to Tenant of each billing statement from the utility provider.

**B. APPORTIONED UTILITIES UNDER A SINGLE-METERED SERVICE (Under Choice No. 4).**
(1) Landlord is the customer of record under contract with the utility or service provider and shall pay the provider directly.
(2) Landlord may apportion the utility or service bill among the tenants of the building. The apportionment shall be by following this equitable method or formula [state the formula precisely here, including the frequency of billing for each apportioned utility or service]: _____
_____
_____

(3) Upon request, Landlord shall provide Tenant with a copy of each actual utility or service bill for the building along with each apportioned services bill.
(4) Landlord must provide the following information for each apportioned utility billed to Tenant. For the most recent **calendar year** [state year here: _____], the actual utility bills in each month were:

| Month | Gas | Electric | Water/Sewer | Fuel Oil | Garbage | Other |
|---|---|---|---|---|---|---|
| January | | | | | | |
| February | | | | | | |
| March | | | | | | |
| April | | | | | | |
| May | | | | | | |
| June | | | | | | |
| July | | | | | | |
| August | | | | | | |
| September | | | | | | |
| October | | | | | | |
| November | | | | | | |
| December | | | | | | |
| Column Total | | | | | | |
| Monthly Average* | | | | | | |

*NOTE: If this Lease is for one year or more, then Landlord and Tenant may agree to use a monthly average as the good faith estimate of the monthly utilities bill as an annualized budget plan providing for level monthly payments. If Landlord and Tenant agree to a budget plan using monthly averages for payment of these utilities, initial here:
    Landlord _____ Tenant _____ Tenant _____ Tenant _____ Tenant _____ Tenant _____
In subsequent lease years, Landlord shall give Tenant updated information on apportioned utilities before changing Tenant's budget plan amount.

Instead of filling out the table above, Landlord may attach copies of the 12 monthly bills for each apportioned utility.

(5) Upon Tenant's request, Landlord shall provide Tenant with copies of the actual utility or service bills for any apportioned utility or service for the past two years. However, if Landlord acquired the building less than two years ago, Landlord shall provide copies of bills back to the date that Landlord bought the building.
(6) If the gas, fuel oil, or electric charge is apportioned, Landlord shall notify Tenant by September 30 of each

year that energy assistance (financial help from the government) may be available to pay for the gas, fuel oil, or electric bill. This notice shall include the toll-free telephone number of the agency which administers the energy assistance program.

### 36. ADDITIONAL TERMS.

The tenanat(s) can purchase (at their expenses) air conditioner(s)

You are responsible to remove any trash and maintain clean in front of your unit and the stairs.

This building is designated as no-smoking building. Violating any rules would terminate the lease.

~~You are responsible to shovel the snow your driveway space, sidewalk infront of the unit and the entire sidewalk on 31st Street for any snow less than 2 inches within 24 hours of snowfalls.~~ See below

Tenants can not block or park non-designated parking area. Guests are not allowed to park in building parking areas

Tenants can not remove any fixtures, change thermostats setttings, and/or change any locks.

Tenants must follow up the rules of garbage, recycles and solid waste of the city of Minneapolis (available online).

*Moving day is 9/9/20*
*Rent for September is 1173.*
*750 paid now. Deposit and the balance will be paid in small payment*

Landlord and Tenant agree to the terms of this Lease.

LANDLORD [signature] Date 9/2/20      TENANTS [signature] Date 9/2/2020

*You are responsible to clean/~~so~~ Remove snow from porch steps, concrete path front yard, back stairs, and the paved path to parking area. Snow removal should be with 24 hours of snow ~~less~~ more than 2 inches.*

### RECEIPT BY TENANT(S)

I have received a signed original or copy of this Lease.

TENANTS:

_____ Date: _____   _____ Date: _____

_____ Date: _____   _____ Date: _____

FIRST INSPECTION (MOVING IN) OF [ADDRESS]: _____

| Room | Item | Condition (Check if OK) | Comments |
|---|---|---|---|
| LIVING ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | Closet door missing |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | Closet rod is loose |
| DINING ROOM | Floor | | North side floor, there is a hole |
| | Ceiling | | |
| | Walls | | |
| | Doors | | Kitchen door missing |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | One blind missing. One blind does not extend to bottom window. |
| | Misc. | | |
| KITCHEN | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Refrigerator | | |
| | Stove | | |
| | Sink | | |
| | Misc. | | One handle is missing |
| ENTRY | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | Blind for main door missing |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | Bedroom 1 | Odor cat urine ongoing. Does not bother tenant. |
| BEDROOM #1 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | There is a hole in window screen. Closet light cover is missing |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | Only one outlet works |
| BEDROOM #2 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | Closet door missing |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | Two slots of the blind partially broken. |

| | | Condition (Check if OK) | Comments |
|---|---|---|---|
| BEDROOM #3 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | Door key NOT supplied |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | one screen frame is bent |
| | Drapes or Curtains | | |
| | Misc. | | |
| BATHROOM #1 | Floor | | |
| | Ceiling | | exhaust is NOT working |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | Toilet Cover is chipped |
| BATHROOM #2 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| FAMILY ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| LAUNDRY ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| | Washer | | |
| | Dryer | | |
| | SMOKE DETECTOR | | |

We have inspected the Premises and have found it to be in the condition noted above.

LANDLORD: _[signature]_

Date signed: 9/12/20

TENANTS: _[signature]_

Date signed: 9/12/2020

LAST INSPECTION (**MOVING OUT**) OF [ADDRESS]: _____

| | | Condition (Check if OK) | Comments |
|---|---|---|---|
| LIVING ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| DINING ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| KITCHEN | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Refrigerator | | |
| | Stove | | |
| | Sink | | |
| | Misc. | | |
| ENTRY | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| BEDROOM #1 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| BEDROOM #2 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |

|  |  | Condition (Check if OK) | Comments |
|---|---|---|---|
| BEDROOM #3 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| BATHROOM #1 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| BATHROOM #2 | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| FAMILY ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| LAUNDRY ROOM | Floor | | |
| | Ceiling | | |
| | Walls | | |
| | Doors | | |
| | Woodwork | | |
| | Light Fixtures | | |
| | Windows and Screens | | |
| | Drapes or Curtains | | |
| | Misc. | | |
| | Washer | | |
| | Dryer | | |
| | **SMOKE DETECTOR** | | |

*We have inspected the Premises and have found it to be in the condition noted above.*

LANDLORD:                                                                   TENANTS:

_____          _____

_____          _____

Date signed:_____          Date signed:_____

**Ledger For Jeremy Paul Kirby**

| Month, Year 2022 | Rent Amount | Rent Paid | Late Fee | Total Due/Outstanding |
|---|---|---|---|---|
| June | $1,600 | $600 | $0 | $1,000 |
| July | $1,600 | $0 | $0 | $1,600 |
| August | $1,600 | $0 | $0 | $1,600 |
| September | $1,600 | $0 | $0 | $1,600 |
| October | $1,600 | $0 | $20 | $1,620 |
| November | $1,600 | $0 | $20 | $1,620 |